IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CAROL W. OATIS AND BOBBIE OATIS                               PLAINTIFFS

V.                                        CIVIL ACTION NO. 2:09cv111-KS-MTP

DIMA HOMES, INC.                                               DEFENDANT

## ORDER REGARDING SERVICE OF PROCESS

This matter is before the court upon receipt of the Plaintiffs' letter regarding service of process. On June 11, 2009, Plaintiffs filed their *pro se* Complaint [1] and paid the filing fee in the amount of $350.00. *See* Complaint [1] and Docket Entry dated 6/11/09.

On June 11, 2009, the Clerk issued summons to "George Hunter, Counsel to Dima, P.O. Box 1072, Petal, MS" as completed by Plaintiffs. *See* Summons [2]. On October 14, 2009, the court issued an Order [3] advising Plaintiffs that Federal Rule of Civil Procedure 4(m) requires the plaintiff to complete service of the summons and complaint upon a defendant within 120 days after the filing of the complaint. Because the 120-day deadline had passed, the court advised Plaintiffs that if service of process was not completed within thirty days, and no extension was granted, this action may be dismissed without prejudice as to the unserved Defendant. *See* Order [3].

On October 26, 2009, the court received a letter from Plaintiffs regarding the attempted service of process on Defendant Dima Homes, Inc. *See* Letter [4]. Apparently, Plaintiffs attempted to serve Defendant Dima Homes, Inc. by certified mail on a "Mr. George Hunter," and service was refused. Plaintiffs indicated they would attempt to serve Dima Homes again by certified mail.

Plaintiffs are hereby advised that they are responsible for service of process pursuant to

Rule 4 of the Federal Rules of Civil Procedure. Federal Rule 4(c) provides that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(m) provides that if the plaintiff fails to serve the defendants with the complaint within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant...." Fed. R. Civ. P. 4(m).

Because Plaintiffs are not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court and the U.S. Marshal's office have no obligation to assist Plaintiffs with the service of process. *See* Fed. R. Civ. P. 4(c); Local Rule 4.1(B) ("The United States Marshal does not serve process in civil actions except on behalf of the federal government, in actions proceeding in forma pauperis, on writs of seizure and executions of judgments, and when otherwise ordered by a federal court."); *see also Whiting v. Alvarado*, No. 2:03cv53, 2004 WL 527793, at *1-2 (N.D. Tex. Mar. 17, 2004) (denying plaintiff's motion for service of process by U.S. Marshal where plaintiff was not proceeding *in forma pauperis*).

If the Plaintiffs elect to have summons re-issued in this case, it involves the following:

1) Plaintiffs are required to complete the enclosed summons forms and return them to this Court. A copy of the complaint should be attached to each summons Plaintiffs submit for issuance. Plaintiffs should submit two copies of the summons along with each original summons Plaintiffs submit for issuance. Two copies of a form summons are enclosed.

2) If Plaintiffs do not personally come to the Clerk's office for the issuance of the summons, Plaintiffs are required to provide a self-addressed, stamped envelope for the return of the summons by the Clerk.

3) The Clerk will issue the properly completed summons(es), and return the summons(es) to Plaintiffs in the self-addressed, stamped envelope provided to the court.

4) Once the court issues the summons(es), the summons(es) will be returned to Plaintiffs for service in compliance with Rule 4 of the Federal Rules of Civil Procedure. This includes filing a proof of service as required by Rule 4(l).

For Plaintiffs' benefit, the court is attaching a copy of Rule 4 of the Federal Rules of Civil Procedure and Rule 4 of the Mississippi Rules of Civil Procedure. Plaintiffs are advised that service by certified mail is only proper on a person or corporation *outside* the State of Mississippi. *See* Miss. R. Civ. P. 4(c)(5). Further, Federal Rule of Civil Procedure 4(h)(1)(B) sets forth who may be served for a domestic corporation (i.e., an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process). Fed. R. Civ. P. 4(h).

Plaintiffs' failure to properly and timely serve Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure may result in the dismissal of this action. Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Plaintiffs are granted an extension of time until December 11, 2009, to properly serve the Defendant with the summons and compliant and to file the proof of service of the summons and complaint by the server's affidavit pursuant to Rule 4(l).

2. The Clerk is directed to mail to Plaintiffs a copy of Rule 4 of the Federal Rules of Civil Procedure and Rule 4 of the Mississippi Rules of Civil Procedure and two blank summons forms.

3. That Plaintiffs' failure to properly serve process in accordance with Rule 4 will

result in the dismissal of any unserved defendant from this action without prejudice.

4. That it is the Plaintiffs' responsibility to prosecute this case. Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the Plaintiffs and may result in the dismissal of this case.

SO ORDERED this the 27th day of October, 2009.

s/ Michael T. Parker  
United States Magistrate Judge