IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CAROL W. OATIS And BOBBIE OATIS**                                                       **PLAINTIFFS**

**VERSUS**                                              **CIVIL ACTION NO. 2:09cv111 KS-MTP**

**DIMA HOMES, INC.**                                                                           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss for Lack of Jurisdiction **[#15]** filed on behalf of the defendant, Dima Homes, Inc. The court, having reviewed the motion and supporting brief, the pleadings and exhibits on file and being advised that the plaintiff has failed to file a response finds that the motion is well taken and should be granted. The court specifically finds as follows:

### Background

The plaintiffs in this civil action, Carol W. Oatis and Bobbie Oatis ("the Oatises"), are adult resident citizens of Jefferson Davis County, Mississippi. Dima Homes, Inc. ("Dima") is a Mississippi corporation, properly qualified to do business in the State of Mississippi and headquartered in Forrest County, Mississippi. The Oatises are suing Dima on the basis of the fact they own a tract of land in Jefferson Davis County, Mississippi, on which Dima allegedly trespassed thereby violating the "civil rights of Carol Oatis and Bobbie Oatis.. . . ." The relief sought by the Oatises is money damages for "slander, declamation of character and wrongful putting a hold on said property. . . .

."

Presently, there is pending in the Chancery Court of Jefferson Davis County, Mississippi, Civil Action No. 00-0084, styled "*Dima Homes, Inc. v. Veronica Moses, Carol W. Oatis, Bobbie Oatis, Citizens Bank and Richard Andrew Foxworth, Trustee.*" Citizens Bank and Richard Andrew Foxworth have been dismissed from the civil action by the Chancellor. This pending chancery court action involves all of the same issues and defenses to claims as are asserted in the Oatises' complaint herein. Jurisdiction has already affixed and the issues joined in the pending chancery court action by virtue of the filing of a complaint for judicial foreclosure and other relief on March 17, 2000 by Dima, the defendant herein; and the filing of an answer by the Oatises. Further, the Oatises, through their counsel of record, filed a Notice of Removal to this Court on May 10, 2000. Some months later, this Court rendered an order denying removal and ordering sanctions against the counsel for the Oatises. This Court ruled the case was clearly a state court matter and federal jurisdiction did not apply. In derogation of that order, the plaintiffs filed the present action in 2009. Dima has now moved to dismiss.

## Discussion and Analysis

A Rules 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the pendency of the litigation that is asserted or even indeed upon its own motion. *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981). It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts.

Jurisdiction of this court is limited to those civil actions arising under the U. S. Constitution or federal law or cases involving diversity of citizenship.  *See*, 28 U.S.C. §§1331, 1332.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)).

Civil actions may be dismissed for lack of subject matter jurisdiction on any one of the following three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of the disputed facts.  *See, Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2 at 413).  In addition, the plaintiffs carry the burden of showing that subject matter jurisdiction exists.  *See, Dow Agrosciences, LLC v. Bates*, 332 F.3c 323, 326 (5th Cir. 2003).  This case is clearly one that should be dismissed for a lack of subject matter jurisdiction over the dispute because the civil action does not give rise to either federal question or diversity jurisdiction.

In order for the court to properly entertain jurisdiction under federal question auspices, the cause of action must be one which arises "under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  A suit arises under federal law if some substantial, disputed question of federal law appears on the face of the well pleaded complaint.  *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983).

This civil action does not involve a federal question because a federal question is

not an "ingredient" of the plaintiffs' complaint, and the plaintiffs' complaint does not involve a specific federal statute or a provision of the U. S. Constitution. Rather, the plaintiffs' claim involves (1) an alleged trespass by Dima on the Oatises' one-acre tract of land in Jefferson Davis County, Mississippi; (2) an alleged violation of the Oatises' "civil rights" by virtue of Dima having mistakenly built a house on the above tract of land; and (3) a request for damages based upon "slander, declamation of character and wrongful putting a hold on said property. . . ." None of these claims involve a federal question nor are any of them based on a federal statute or a constitutional provision.

Nor is there diversity of citizenship in this case. 28 U.S.C. § 1332(a) provides

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) citizens of different states. . .

The Courts have universally interpreted this to mean that there must be complete diversity, *i.e.*, that none of the defendants can be a citizen of the same state as any of the plaintiffs. See *Carden v. Arkoma Assocs.*, 494 U.S. 185, 190-192, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990); and *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1177 (5th Cir. 1984). There is no diversity of jurisdiction in this civil, and none has been asserted or alleged by the plaintiffs. The Oatises are adult resident citizens of Jefferson Davis County, Mississippi, and Dima is a Mississippi corporation qualified to do business in Mississippi and is domiciled in Forrest County, Mississippi.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss for Lack of Jurisdiction **[#15]** filed on behalf of the defendant, Dima Homes, Inc. is granted and the plaintiffs' Complaint is dismissed with prejudice and all other motions are denied

as moot.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

    SO ORDERED AND ADJUDGED this the 4th day of February, 2011.

                                 *s/Keith Starrett*
                                 UNITED STATES DISTRICT JUDGE